**Scott E. Davis, OSB# 022883**
Email: scott.davis@klarquist.com
**Joseph T. Jakubek, OSB# 950326**
Email: joseph.jakubek@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Attorneys for Plaintiff*
CAPSUGEL BELGIUM NV

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **CAPSUGEL BELGIUM NV**, | Civil Case No.: 3:15-cv-321 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| **BRIGHT PHARMA CAPS, INC.**, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

For its Complaint against Defendant Bright Pharma Caps, Inc., Plaintiff Capsugel Belgium NV ("Capsugel"), through its attorneys, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for infringement of two patents owned by Capsugel, United States Patent No. 6,887,307 ("the '307 patent") and United States Patent No. 7,267,718 ("the '718 patent"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

### PARTIES

2. Plaintiff Capsugel is a company with its principal place of business in Belgium.

COMPLAINT FOR PATENT INFRINGEMENT                                                                                                1

3. On information and belief, Defendant Bright Pharma Caps, Incorporated ("Bright Pharma") is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 1908 Orchard Road, Hood River, Oregon 97031.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Bright Pharma because it is organized under the laws of the State of Oregon, has its principal place of business in the State of Oregon, and has engaged in systematic and continuous contacts with the State of Oregon. Moreover, on information and belief, Bright Pharma has committed acts of patent infringement at issue in this action in the State of Oregon.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## THE ASSERTED PATENTS

7. On May 3, 2005, the '307 patent, titled "Pullulan Film Compositions," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '307 patent is attached hereto as Exhibit A.

8. Capsugel is the owner by assignment of the '307 patent and, without limitation, has the rights to sue and collect damages for all past, present or future infringement.

9. On September 11, 2007, the '718 patent, titled "Pullulan Film Compositions," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '718 patent is attached hereto as Exhibit B.

10. Capsugel is the owner by assignment of the '718 patent and, without limitation,

has the rights to sue and collect damages for all past, present or future infringement.

## COUNT I

11.   Capsugel re-alleges the foregoing paragraphs as if fully set forth here.

12.   On information and belief, Bright Pharma has infringed and is still infringing the '307 patent by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a film forming composition that infringes at least claim 1.

13.   The infringing film forming composition includes at least Bright Pharma's "Bright-Poly" capsules.

14.   "Bright-Poly" capsules comprise pullulan, cations, and kappa-carrageenan.

15.   Capsugel is entitled to recover damages adequate to compensate it for such infringement, in no event less than a reasonable royalty for the use made of the invention by Bright Pharma, together with interest and costs as fixed by the Court.

16.   Bright Pharma's acts of infringement of the '307 patent have injured and will continue to injure Capsugel unless and until this Court enters an injunction prohibiting further infringement.

## COUNT II

17.   Capsugel re-alleges the foregoing paragraphs as if fully set forth here.

18.   On information and belief, Bright Pharma has infringed and is still infringing the '718 patent by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, a film forming composition that infringes at least claim 1.

19.   The infringing film forming composition includes at least Bright Pharma's "Bright-Poly" capsules.

20.   "Bright-Poly" capsules comprise pullulan, sodium lauryl sulphate, and kappa-

carrageenan.

21. Capsugel is entitled to recover damages adequate to compensate it for such infringement, in no event less than a reasonable royalty for the use made of the invention by Bright Pharma, together with interest and costs as fixed by the Court.

22. Bright Pharma's acts of infringement of the '718 patent have injured and will continue to injure Capsugel unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Capsugel respectfully requests this Court to enter judgment against Defendant Bright Pharma granting the following relief:

A. The entry of judgment in favor of Capsugel and against Defendant;

B. An award of damages against Defendant adequate to compensate Capsugel for the infringement, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest;

C. To the extent Defendant's infringement is found to be willful, a judgment that Capsugel is entitled to discretionary enhancement of its damages and other relief as provided by 35 U.S.C. § 284;

D. To the extent that this case is found to be exceptional, an award to Capsugel of its reasonable attorneys' fees, costs and expenses as permitted pursuant to 35 U.S.C. § 285;

E. A permanent injunction prohibiting further infringement by Bright Pharma and each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with it; and

F. Such other relief that Capsugel is entitled to under law and any other and further

relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Capsugel hereby demands a jury trial on all issues so triable in this action.

DATED:  February 24, 2015

Respectfully submitted,

By: */s/Scott E. Davis*
**Scott E. Davis, OSB# 022883**
Email: scott.davis@klarquist.com
**Joseph T. Jakubek, OSB# 950326**
Email: Joseph.jakubek@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Attorneys for Plaintiff*
CAPSUGEL BELGIUM NV