IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAPSUGEL BELGIUM NV and
CAPSUGEL US, LLC,

        Plaintiffs,

v.

BRIGHT PHARMA CAPS, INC., JC
BRIGHT M LTD., JC BIO-TECH CO
LTD., and KARL CAO,

        Defendants.

3:15-cv-321-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Capsugel Belgium NV filed this action against Defendant Bright Pharma Caps, Inc. ("Bright Pharma") on February 24, 2015. On July 6, 2015, Capsugel Belgium NV filed an Amended Complaint (#19) joining Capsugel US, LLC (collectively with Capsugel Belgium NV, "Capsugel") as a plaintiff and JC Bright M Ltd. ("JC Bright"), JC Bio-Tech Co. Ltd. ("JC Bio"), and Karl Cao as defendants. Capsugel's Amended Complaint asserts claims under Oregon and federal law for false advertising, unfair competition, and patent infringement. All of Capsugel's claims arise from or relate to Defendants' production, marketing, and sale of Bright-Poly capsules. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367.

    The current discovery dispute arises from Bright Pharma's Motion to Withdraw Admissions (#33) ("Bright Pharma's Motion"). The court has reviewed the record, the relevant

OPINION AND ORDER Page | 1

exhibits, and all of the briefing. For the reasons provided below, Bright Pharma's Motion is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

Capsugel is "the world's leading provider of empty, two-piece hard capsules." Bright Pharma is an Oregon corporation with its principal place of business in Hood River, Oregon. Bright Pharma sells Bright-Poly capsules in Oregon and throughout the United States. Bright-Poly capsules compete with Capsugel's pullulan-based capsules and are the subject of this litigation.

On April 3, 2015, Capsugel served upon Bright Pharma its first set of Requests for Admission ("RFA"). Bright Pharma now seeks to withdraw admissions it made in response to six of those RFAs. The relevant RFAs as well as Bright Pharma's actual and proposed responses are as follows:

> No. 61: Admit that Karl Cao controls the content of the webpage: http://www.brightpharmacaps.com/products/dl.html.
>     Initial Response: Admitted.
>     Proposed Response: Denied.
> No. 63: Admit that Karl Cao can control the content of the webpage: http://www.brightpharmacaps.com/products/dl.html.
>     Initial Response: Admitted.
>     Proposed Response: Denied.
> No. 77: Admit that Karl Cao intends for Bright-Poly capsules supplied to BPC to be sold in the United States.
>     Initial Response: Admitted.
>     Proposed Response: Objection. In context of the accompanying Requests, this Request appears to assume that Karl Cao's company JC Bright supplies Bright-Poly capsules to BPC. BPC denies that JC Bright supplies Bright-Poly capsules to BPC, does not know to what capsules the remainder of the Request refers, and on that basis denies the same.
> No. 82: Admit that JCB intends for Bright-Poly capsules supplied to BPC to be sold in the United States.
>     Initial Response: Admitted.
>     Proposed Response: Objection. Because JCB does not supply Bright-Poly capsules to BPC, its 'intention' regarding BPC's capsules is irrelevant and

OPINION AND ORDER Page | 2

> this request is not reasonably calculated to lead to the discovery of admissible evidence.

No. 90: Admit that in 2014, JCB supplied Bright-Poly capsules to BPC knowing BPC could offer those capsules for sale in the United States.
> Initial Response: Admitted.
> Proposed Response: Denied.

No. 103: Admit that after learning of this lawsuit, JCB supplied BPC with Bright-Poly capsules.
> Initial Response: Admitted.
> Proposed Response: Denied.

Bright Pharma's Mot. 3-4 (citing Barr Decl., Ex. 1 (#34-1)).

## LEGAL STANDARD

Federal Rule of Civil Procedure 36(b) governs a party's ability to withdraw admissions. The rule provides, in pertinent part:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

*Id.*

Thus, Rule 36(b) provides a two-pronged test that permits withdrawal of admissions only when (1) withdrawal would promote the presentation of the merits of the action and (2) the party who obtained the admissions fails to persuade the court that withdrawal would prejudice it in maintaining or defending the action on the merits. *Id.*; *accord Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citations and internal quotation marks omitted).

## DISCUSSION

Bright Pharma has established that withdrawal of its admissions would promote the presentation of the merits of the action. Rule 36(b) "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Conlon*, 474 F.3d at 622 (citing Fed.

OPINION AND ORDER Page | 3

R. Civ. P. 36(b) Advisory Committee Notes). The rule therefore codifies the common law practice of allowing withdrawal where, "through honest error a party has made an improvident admission." 8B Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2264 (3d ed.), *section cited with approval in 999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985); *see also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) ("[W]hen an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal.").

In this case, Bright Pharma made the admissions it now seeks to withdraw due to honest error. *See* Barr Decl. (#34). The ascertainment of the truth and development of the merits will therefore be enhanced by allowing Bright Pharma to withdraw its erroneous admissions and by permitting the parties to accurately discover and present the facts sought by the RFAs. *See Conlon*, 474 F.3d at 622 (citing Fed. R. Civ. P. 36(b) Advisory Committee Notes); *see also Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (affirming district court order granting motion to withdraw admission and holding that it would be "manifestly unfair and grossly unjust" to deny the motion where the admission was, at most, "excusable neglect"). Therefore, the first prong of the Rule 36(b) test is resolved in Bright Pharma's favor.

Capsugel has failed to show that it would be prejudiced by Bright Pharma's withdrawal of its erroneous admissions. "The party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622 (citing Fed. R. Civ. P. 36(b)). As the Ninth Circuit has explained:

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

*Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (citation omitted) (internal quotation marks omitted)).

There is nothing in the record indicating that withdrawal of the admissions would prejudice Capsugel's ability to prove its case. The court has yet to set a trial date, and there is still plenty of time for Capsugel to accurately discover the facts it sought through its RFAs. *See* November 10, 2015 Order (#78); *see also Hadley*, 45 F.3d at ("Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial." (citing *999*, 776 F.2d at 869)). Therefore, the second prong of the Rule 36(b) test is also resolved in Bright Pharma's favor.

## CONCLUSION

Because both prongs of the Rule 36(b) test are resolved in Bright Pharma's favor, Bright Pharma's Motion (#33) is GRANTED.

Dated this 13th day of November, 2015.

/s/ 
Honorable Paul Papak
United States Magistrate Judge